**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| COMBINED ENERGIES, A DIVISION OF UNION WATER POWER COMPANY : : : | |
| Plaintiff, : | CIVIL ACTION NO: 07-17-JAW |
| v. : : | |
| CCI, INC. : : | |
| Defendant. : | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY MATTER PENDING OUTCOME OF DEFENDANT'S APPEAL

Plaintiff, Combined Energies ("CE"), files this Memorandum in Opposition to Defendant CCI, Inc.'s ("CCI") Motion to Stay Matter Pending Outcome of Defendant's Appeal ("Motion to Stay"). CCI's Motion to Stay is merely an attempt to further delay being held accountable for the damages caused by its raid on CE following CCI's failed attempt to purchase CE. While this Circuit has not addressed whether to stay an action pending appeal of a denial of a motion to compel arbitration, the better view among the other Circuits is that such a stay should be denied. Even under the more lenient standard adopted by certain Circuits, the Court retains the discretion to deny a stay and should deny CCI's Motion to Stay.

## STATEMENT OF FACTS

CE is a Maine corporation engaged in energy services, construction management, and professional consulting services. *Complaint* ¶1. CE had been operating for eight (8) years before beginning any work with CCI. *Doc. No. 10*, p.2. On or about October 15, 2006, CCI sought to purchase CE's business. *Complaint* ¶ 9. On November 17, 2006, CE declined.

*Complaint* ¶ 10.  Without warning, on January 2 and 3, 2007, all of CE's employees were hired away by CCI.  *Complaint* ¶ ¶ 14, 15.

On February 1, 2007, based on the damages to its business, CE filed a multi-count complaint (the "Complaint") in this Court containing the following causes of action:  Tortious Interference (Count I); Unjust Enrichment (Count II); Breach of Contract (Count III); Breach of Implied Covenants Including the Duty of Good Faith and Fair Dealing (Count IV); Defamation and Slander Per Se (Count V); and Punitive Damages (Count VI).  On February 21, 2007 CCI filed a Motion to Compel Arbitration, ("Motion to Compel") claiming that an arbitration clause in an unrelated boilerplate purchase order agreement (the "POA") concerning a specific contract with the US Navy applied to all of the wrongs CCI allegedly committed.  On May 3, 2007, this Court, recognizing that the Complaint and CCI's alleged actions far exceeded the scope of the POA, denied the Motion to Compel, ruling, "Even with the generous deference the Court is instructed to afford arbitration agreements, the Court cannot conclude that the arbitration clause in a construction contract encompasses a law suit alleging multiple violations of tort and contract law from the unsavory tactics CE claims CCI used in a bid to take-over its business." *Doc. No 13*, p.4.

On May 14, 2007, the parties promptly held an initial discovery conference under Fed. R. Civ. 26(f).  Except for the number of depositions to be permitted, the parties agreed to the Court's proposed Scheduling Order with certain jointly requested amendments.  On June 8, 2007, plaintiff served its first set of document requests.  Plaintiff also has asked for a deposition date for Duncan Morrison, a former CE employee lured by CCI.  The parties' initial disclosures

are due today.[1]  Notwithstanding the subject matter of its appeal, Defendant has not filed a

demand for arbitration.  Nor has Defendant sought an expedited appeal.

## ARGUMENT

The issue of whether to stay an underlying action pending appeal from the denial of a

motion to compel arbitration is one of first impression in the First Circuit.  This Court should

adopt the view of the Second and Ninth Circuits, which have held that an appeal from the denial

of a motion to compel arbitration does not divest the district court of jurisdiction and that the

subject claims should proceed in the District Court pending such an appeal.  Applying the correct

standard, CCI's motion to stay should be denied.[2]

## I.  THE COURT SHOULD DENY THE MOTION TO STAY PENDING APPEAL OF THE DENIAL OF CCI'S MOTION TO COMPEL ARBITRATION

### A.      This Court has the Authority to Adjudicate CE's Claim.

Notwithstanding CCI's contentions, there is no automatic stay of district court

proceedings when, as in the present matter, a motion to compel arbitration has been denied and is

appealed.  *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004), *cert. denied Uzan*

*v. Motorola Credit Corp.*, 544 U.S. 1044, 125 S. Ct. 2270, 161 L. Ed. 2d. 1080 (2005).  In

*Motorola Credit Corp.*, the district court denied a motion to compel arbitration and the defendant

sought a stay from the district court pending the outcome of its appeal.  *Id.* at 53.  The district

court denied the stay and the Second Circuit Court of Appeals affirmed the denial, holding that

the "District Court did have jurisdiction to continue with the case in the absence of a stay from

this Court."  *Id.*  The *Motorola Credit* Court noted, "The Supreme Court has stated that "the

---

[1]      Under the proposed Scheduling Order, the discovery period will continue until October 5, 2007 and the case is to be ready for trial by February 5, 2008.

[2]      In fact, as set forth in Section II, even applying the view of the Seventh and Eleventh Circuits, the stay should still be denied.

filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over <u>those aspects of the case involved in the appeal.</u>" *Id.* at 53 (emphasis added)(citing *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58, 74 L. Ed. 2d 225, 103 S. Ct. 400 (1982); *see also New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) ("[t]he filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal.")).  The issue, therefore, is whether the trial of a case on the merits is "involved in" an appeal of an order denying arbitration.  *Id.*  A prior decision of this Court has recognized this same general principle.  *See Pharmaceutical Care Mgmt. Ass'n. v. Maine*, 332 F. Supp.2d 258, 260 (D. Me. 2004)(denying motion to stay pending appeal from preliminary injunction where "there is no inconsistency here between the interlocutory appeal and proceeding toward final resolution of the merits in the trial court.").

In adopting the rule that an appeal of an order denying a motion to compel arbitration does not stay the underlying action, the Second Circuit, in addition to reviewing the law of the circuits adopting a position that favors a stay, reviewed the law in the Ninth Circuit and the decision within the Second Circuit in *Gutfreund v. Weiner (In re Salomon Inc. Shareholders Derivative Litig.)*, 68 F.3d 554, 557 (2d Cir. 1995).[3]  In *In re Salomon*, prior to the court's order denying arbitration, the defendants on two occasions asked the court for a stay of the trial pending appeal, and each time the appellate court refused, *id., at 557,* concluding that it would

---

[3]  *In re Salomon* involved a shareholders' derivative suit brought on behalf of Salomon Brothers against several former employees, arising from a Treasury Bill auction scandal. *See id. at 555.*  The defendant employees sought to compel arbitration under the FAA, based on agreements they had signed with Salomon Brothers providing for arbitration of any disputes arising out of their employment. *See id.* The district court initially granted the motion and referred the matter to the New York Stock Exchange ("NYSE"), the arbitral forum designated in the arbitration agreements. *See id.* The NYSE, however, declined to arbitrate the dispute, and the defendants went back to the district court, seeking an order compelling arbitration, staying trial pending arbitration, and appointing substitute arbitrators under Section 5 of the FAA. See id. at 555-56.  The district court denied that motion, and the defendants appealed.

"not disturb Judge Patterson's decision to proceed to trial." *Id. at 561*.  The Second Circuit noted that, "Our decision in *In re Salomon* plainly contemplated that a district court has jurisdiction to proceed with a case despite the pendency of an appeal from an order denying a motion to compel arbitration.  We approved Judge Patterson's decision to deny the defendants a stay pending appeal, and we twice denied the same relief to defendants when they moved in this Court for a stay." *Motorola Credit Corp.*, 388 F.3d at 54.  Having analyzed the case law within the Second Circuit, the Ninth Circuit, and circuits on the other side of the split of authority, the Second Circuit expressly adopted, "the Ninth Circuit's position that further district court proceedings in a case are not involved in the appeal of an order refusing arbitration, and that a district court therefore has jurisdiction to proceed with a case absent a stay from this Court." *Id.*; *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) ("Since the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to proceed with the case on the merits.")

Here, the Court should likewise adopt the view of the Second and Ninth Circuits, retain jurisdiction, and deny the requested stay.

### B. The District Court Proceedings are not "Involved In" the Appeal.

Applying the standard set forth in *Motorola Credit,* the Court should deny the Motion. The arbitration clause contained in an agreement unrelated to CCI's attempt to purchase CE is the *only* substantive issue the Appeal concerns.  In this regard, the action in the district court is not involved in the Appeal.  *Motorola Credit Corp.*, 388 F.3d at 54.

In *Britton v. Co-op Banking Group,* defendant Britton filed a motion to compel arbitration and when it was denied, sought a stay pending appeal of the denial.  *Britton v. Co-op Banking Group,* 916 F.2d 1405 (9th Cir. 1990).  The Ninth Circuit Court held that "Absent a

stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Id.* at 1412 (*citing Manual for Complex Litigation* (2d Ed.), Par. §§ 25.11, 25.16). The court continued, stating that "Since the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to proceed with the case on the merits." *Id.* Thus, the Ninth Circuit recognized that the issue of arbitrability being appealed did not involve the merits to be addressed in the district court. The Ninth Circuit further recognized the abuse that may result from stays imposed in such appeals, including the disruption of the judge's schedule. *Id.* ("[The automatic stay rule] would allow a defendant to stall a trial simply by bringing a frivolous motion to compel arbitration.").

Here, as in *Motorola Credit* and *Britton*, the only issue being appealed is the arbitrability of the claim. The merits of the case are not at issue on appeal. Accordingly, this Court should, in accord with the view of the Second and Ninth Circuits, deny the stay, prevent the defendant from unnecessarily delaying the proceedings, and allow discovery to proceed pursuant to the Scheduling Order.

   **C**.   **The View of the Seventh and Eleventh Circuits is Unpersuasive, and Practical Reasons Support Denial of the Stay.**

In the Seventh Circuit's decision in *Bradford-Scott Data Corporation v. Physician Computer Network*, the district court had denied a stay on the incorrect grounds that "it had not entered an appealable order."  128 F.3d 504, 505 (7th Cir. 1997).  CE does not dispute that the

denial of the stay is appealable.  CCI may pursue the issue of arbitrability, which is not involved in the merits of the underlying action.[4]

Bradford-Scott also expressly did not decide whether a district court could proceed where some of the claims are "clearly non-arbitrable." Id. at 506.  While CE asserts that the appeal is lacks merit as to all claims, at the very least CE's tortious interference and defamation claims are "clearly non-arbitrable" and will almost certainly proceed in court notwithstanding the appeal. There is no reason to stay the action in the District Court when some form of this action will proceed regardless of the ruling of the appellate court.

The Eleventh Circuit's ruling in Blinco v. Green Tree Servicing, LLC essentially adopted Bradford-Scott and suffers from the same defects.  First, Blinco improperly equates the choice of forum (courtroom versus arbitration), and the adjudicator (judge versus arbitration panel) with the merits. Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004). Resolution of CCI's appeal will not in any way affect the merits.  Second, Blinco incorrectly assumes there will be a duplication of costs.  Id. at 1251-52.  The discovery to be completed by the parties can be used in an arbitration proceeding in any event.  There would be little, if any, duplication.  Thus, Blinco, like Bradford-Scott Data, rests upon false premises.  Pursuing discovery in the federal court does not affect the merits of the appeal and the concerns of duplicate costs are exaggerated and unwarranted.  Accordingly, the decisions of the Seventh and Eleventh Circuits are unpersuasive.[5]

---

[4]      It should also be noted that even the Bradford-Scott court recognized that the decision in Lummus Co. v. Commonwealth Oil Refining Co. 273 F.2d 613 (1st Cir. 1959), was decided prior to the enactment of Section 16 of the Federal Arbitration Act.  Id. at 505-506.

[5]      Instead, this case raises exactly the practical concerns of the Ninth Circuit that defendants who have lost a motion to compel arbitration – and purportedly seek a swift resolution – will abuse the right of appeal to stall the litigation.

Practical reasons also support the denial of a stay here.  First, defendant has already enjoyed the benefit of the judicial policy favoring arbitration but still did not (and cannot) prevail.  More often than not, parties seeking enforcement of arbitration succeed.  Adopting a view that a stay is appropriate when arbitration is denied therefore provides additional procedural protections for defendants at the expense of the substantive rights of plaintiffs in the minority of cases where arbitration sought by defendants is actually denied.

Second, a stay prejudices the party seeking an adjudication of its *substantive* rights and remedies.  As has happened here, a defendant can stall the litigation by appealing the denial of arbitration.  CE filed this case on February 1, 2007 immediately following CCI's January raid.  CCI's initial motion to compel has already caused delay.  CCI's interlocutory appeal further prejudices CE's substantive rights, while CCI's tortious conduct continues.  CE has already issued document requests and has requested dates for depositions in order to expeditiously gather and preserve evidence close to the time of the events.  Here, if the stay is properly denied, the parties can pursue discovery and ready the case for an adjudication on the merits, whether that adjudication ultimately takes place in a court or before arbitrators.[6]

---

[6]     The other cases cited by CCI do not provide better grounds for prejudicing CE in its pursuit of its substantive rights.  CCI cited to *McCauley v. Halliburton Energy Servs.*, 413 F.3d 1158 (10th Cir. 2005) for the proposition that an appeal divests the district court of jurisdiction.  Unlike the present matter, the parties in *McCauley*, along with the court, agreed that most of the claims brought by the plaintiff were arbitrable, and that there would therefore be an arbitration of some claims.  *Id.* at 159.  Here, there is no agreement that any of the claims are arbitrable.  Rather, the Court correctly determined that the dispute does not fall within the arbitration clause.

CCI also cites to *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 (3d Cir. 2007) for the proposition that district courts are divested of jurisdiction as a result of an appeal of a denial of a motion to compel arbitration.  *Ehleiter* primarily concerned the appealability of the denial of a motion to stay.  *Ehleiter*, 482 F.3d at 209.  In dicta in a footnote, the Court accepted the view of the Circuits that favor divestiture of district court jurisdiction without any analysis.  *Id.* at 215, n.6.  In addition, the party seeking arbitration was appealing a finding of waiver.  CE does not contest the appealability of the Court's order and no waiver has been claimed.

While defendant correctly notes that there is currently no First Circuit case deciding this specific issue and that there is split among the circuits, the defendant incorrectly relies upon a pre-Federal Arbitration Act case, *Lummus Co. v. Commonwealth Oil Refining, Co.* 273 F.2d 613 (1st Cir. 1959) to seek a stay here.  Lummus sent Commonwealth a demand for arbitration to recover monies claimed due pursuant to a contract between the parties.

Accordingly, the view proposed by CCI rests upon at least two unsound premises and unnecessarily favors defendants at the expense of the substantive rights of the plaintiff.  This is especially so when the decision on appeal is likely to issue before trial on the merits.

## CONCLUSION

The Court should adopt the view of the Second and Ninth Circuits, retain jurisdiction over CE's claims arising from CE's failed acquisition and subsequent raid of CE, and deny CCI's Motion to Stay.

Dated: June 15, 2007

COMBINED ENERGIES,

By its attorneys,

/s/ John J. Aromando
John J. Armando, Bar # 3099
PIERCE ATWOOD, LLP
One Monument Square
Portland, Maine 04101
Tel: 207-791-1100

James J. Reardon, Jr.
Admitted Pro Hac Vice
LEBOEUF, LAMB, GREENE & MACRAE LLP
Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel: (860) 293-3500

---

*Lummus Co. v. Commonwealth Oil Refining Co*., 280 F.2d 915, 918 (1st Cir. 1960).  After receiving the notice of demand for arbitration, Commonwealth filed an action in the federal district court in Puerto Rico on related issues. *Id*.  Lummus then filed an action in New York state court to compel arbitration, which was removed to federal district court in New York.  *Id*. at 918-919.  Upon motion by Commonwealth, the federal court in Puerto Rico then ordered the New York federal court proceeding stayed, pending the resolution of the arbitrability matter in Puerto Rico.  *Id*. at 919.  Lummus then filed an appeal of the order staying arbitration and filed a motion to stay discovery in the Puerto Rican matter, pending resolution of the arbitration stay appeal.  *Lummus*,. 273 F.2d 613.

Unlike the case at bar, the discovery stay granted by the First Circuit in Lummus had little to do with the denial of a motion to compel arbitration and any appeal thereof.  Rather, it was simply to prevent court proceedings in Puerto Rico from occurring contemporaneously with a separately and previously filed proceedings in New York while an appeal of the arbitration stay was decided.  There are no such parallel proceedings pending in the present matter.

{W0779127.1}

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I electronically filed the foregoing document entitled Plaintiff's Opposition to Defendant's Motion to Stay Matter Pending Outcome of Defendant's Appeal with the Clerk of Court using the CM/ECF system which will send the notification of such filing to the following:

Glenn Israel, Esq.
gisrael@bssn.com

Dated:  June 15, 2007

/s/ John J. Aromando
John J. Aromando, Bar #3099
PIERCE ATWOOD, LLP
One Monument Square
Portland, ME  04101
Tel:  (207) 791-1100

*Attorney for Plaintiff Combined Energies*

{W0779127.1}                                                    10