UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| COMBINED ENERGIES | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-17-B-W |
| | ) | |
| CCI, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO STAY
## MATTER PENDING OUTCOME OF DEFENDANT'S APPEAL

Since an interlocutory appeal of the denial of a motion to stay and compel arbitration under the Federal Arbitration Act divests the district court of the power to proceed with the aspects of the case on appeal, the Court grants the Defendant's motion to stay discovery pending appeal.

### I.  STATEMENT OF FACTS

This law suit stems from Combined Energies' (CE) allegations that CCI, Inc. (CCI) raided its business.  In response, CCI asserted that the dispute is subject to mandatory arbitration and, on February 21, 2007, CCI filed a motion to stay and to compel arbitration based on an arbitration clause in a purchase order agreement between the two companies. *Def.'s Mot. to Stay and Compel Arbitration* (Docket # 7).  In turn, CE argued that the raid on its business was outside the scope of the arbitration clause.  *Pl.'s Mem. in Opp'n to Def.'s Mot. to Stay and Compel Arbitration* (Docket # 10).  The Court issued an Order on May 3, 2007, agreeing with CE, and denying the motion, saying "the Court cannot conclude that the arbitration clause in a construction contract encompasses a law suit alleging multiple

violations of tort and contract law from the unsavory tactics CE claims CCI used in a bid to take-over its business." *Order* at 7 (Docket # 13).

On May 15, 2007, CCI filed a notice of appeal, *Notice of Appeal* (Docket # 15), and on May 25, 2007, it filed a motion to stay the proceedings pending the outcome of its appeal. *Def.'s Mot. to Stay Matter Pending Outcome of Appeal* (Docket # 21) (*Def.'s Mot.*).  CE opposes the motion.  *Pl.'s Opp'n to Def.'s Mot. to Stay Matter Pending Outcome of Appeal* (Docket # 22) (*Pl.'s Opp'n*).

## II. DISCUSSION

Long ago, the First Circuit addressed a similar question.  In *Lummus Co. v. Commonwealth Oil Refining Co.*, after the district court issued an order staying arbitration, the defendant appealed this order to the First Circuit, and then moved to delay discovery until after the decision on its pending appeal.  273 F.2d 613, 613 (1st Cir. 1959).  The First Circuit allowed the defendant's motion to stay discovery, explaining that "a court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate. . . ." *Id*.  *Lummus* noted that "if arbitration is to be had of the entire dispute, appellee's right to discovery must be far more restricted than if the case remains in a federal court for plenary trial . . . ." *Id*.  *Lummus* strongly suggests that a party should not be allowed to proceed with discovery when the other party has appealed an order denying arbitration.[1]

Other circuits that have considered the precise issue are divided. *Compare Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) (expressing agreement with "the majority rule of automatic divestiture where the Section 16(a) appeal is neither frivolous nor forfeited); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th

---

[1] The Seventh Circuit in *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 506 (7th Cir. 1997) cited *Lummus* as arriving at "exactly this conclusion;" namely, that an appeal under 16(a) divests the district court of jurisdiction to order ongoing discovery.

Cir. 2005) (finding automatic divestiture of trial court jurisdiction unless appeal is frivolous or forfeited); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (finding automatic divestiture unless appeal is frivolous); *Bombardier Corp. v. Amtrak*, No. 02-7125, 2002 U.S. App. LEXIS 25858, at *2 (D.C. Cir. Dec. 12, 2002) (denying a motion to stay as unnecessary because the circuit court has "exclusive jurisdiction to resolve the threshold issue whether the dispute is arbitrable, and the district court may not proceed until the appeal is resolved"); *Bradford-Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504, 506 (7th Cir. 1997) (endorsing automatic divestiture rule, reasoning that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals"); *with Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 65 (2d Cir. 2004) (finding no automatic stay); *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (finding no automatic stay);. *see also* Nickolas J. McGrath, Survey, *McCauley v. Halliburton Energy Services, Inc.: Treatment of a Motion to Stay Proceedings Pending an Arbitrability Appeal*, 83 DENV. U. L. REV. 793 (2006).

Here, influenced by *Lummus*, the Court concludes that the better view is the majority view. To begin, it is an "unassailable general proposition that the filing of a notice of appeal, whether from a true final judgment or from a decision within the collateral order exception, 'is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). To assume ongoing jurisdiction over discovery would be inconsistent with the bedrock principle that once a case is appealed,

jurisdiction rests with the court of appeals, not in both the court of appeals and the district court. *Bradford-Scott Data*, 128 F.3d at 505 ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.") (citation omitted).

Further, as the Tenth Circuit commented in *Donges*, the "divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one." 915 F.2d at 575. *Donges* explained that the "interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place." *Id.* at 576. Section 16(a)(1)(C) of the Federal Arbitration Act expressly authorizes an appeal from an order "denying an application . . . to compel arbitration . . . ." 9 U.S.C. § 16(a)(1)(C); *Campbell v. Gen. Dynamics Gov't Sys. Corp.* 407 F.3d 546, 550 (1st Cir. 2005) ("[W]e have jurisdiction to review, here and now, the lower court's denial of the company's motion to stay proceedings and compel arbitration.").

Finally, even though the divestment of district court jurisdiction is qualified by the phrase "involved in the appeal," *Griggs*, 459 U.S. at 58, the Seventh Circuit has persuasively pointed out that "[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Bradford-Scott Data Corp.*, 128 F.3d at 506. Arbitration clauses "reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially." *Id.* Thus, "[c]ases of this kind are . . . poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals." *Id.*

## III.  CONCLUSION

The Court GRANTS Defendant's Motion to Stay Matter Pending Outcome of Defendant's Appeal (Docket # 21).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2007